JINGNI (JENNY) ZHAO (#284684)
ANOOP PRASAD (#250681)
KEVIN CHUN HOI LO (#278908)
MELANIE CHUN-YU KIM (#292588)
WINIFRED KAO (#241473)
ASIAN AMERICANS ADVANCING JUSTICE–
ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, California 94111
Telephone: (415) 896-1701
Fax: (415) 896-1702
Email: jennyz@advancingjustice-alc.org

*Additional Counsel Listed On Next Page*

Attorneys for Petitioners

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAK KIM CHHOEUN, MONY NETH, individually and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>DAVID MARIN, Field Office Director, Los Angeles Field Office, United States Immigration and Customs Enforcement; DAVID W. JENNINGS, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; THOMAS D. HOMAN, Acting Director, United States Immigration and Customs Enforcement; ELAINE C. DUKE, Acting Secretary, United States Department of Homeland Security; JEFFERSON B. SESSIONS III, United States Attorney General; SANDRA HUTCHENS, Sheriff of Orange County; and SCOTT R. JONES, Sheriff of Sacramento County.<br><br>Respondents. | Case No. 8:17-cv-01898-CJC (GJSx)<br>Assigned to: Hon. Cormac J. Carney<br><br>**APPLICATION FOR LEAVE TO FILE REDACTED DECLARATION NO. 1 [ECF NO. 28-19] AND REDACTED DECLARATION NO. 2 [ECF NO. 28-20] UNDER SEAL** |

1   LABONI HOQ (SBN 224140)
    NICOLE GON OCHI (SBN 268678)
2   CHRISTOPHER LAPINIG (SBN 802525)
    ASIAN AMERICANS ADVANCING JUSTICE - LA
3   1145 Wilshire Blvd., 2nd Floor
    Los Angeles, CA 90017
4   Telephone: (213) 977-7500
    Fax: (213) 977-7595
5   Email: lhoq@advancingjustice-la.org
    Email: nochi@advancingjustice-la.org
6   Email: clapinig@advancingjustice-la.org

7   MICHAEL L. MALLOW (SBN 188745)
    SEAN A. COMMONS (SBN 217603)
8   SIDLEY AUSTIN LLP
    555 W. Fifth Street, Suite 4000
9   Los Angeles, CA 90013
    Telephone: (213) 896-6000
10  Fax: (213) 896-6600
    Email: mmallow@sidley.com
11  Email: scommons@sidley.com

12  DARLENE CHO (SBN 251167)
    SIDLEY AUSTIN LLP
13  1999 Avenue of the Stars, 17th Floor
    Los Angeles, CA 90067
14  Telephone: (310) 595-9500
    Fax: (310) 595-9501
15  Email: dcho@sidley.com

16  NAOMI IGRA (SBN 269095)
    SIDLEY AUSTIN LLP
17  555 California Street, Ste. 2000
    San Francisco, CA 94104
18  Telephone: (415) 772-1200
    Fax: (415) 772-7400
19  Email: naomi.igra@sidley.com

20

21

22

23

24

25

26

27

28

Pursuant to Local Rule 79-5.2.2(a), Petitioners Nak Kim Chhoeun, Mony Neth, and members of the proposed class ("Petitioners"), by and through their counsel of record, hereby file this application for leave to file the public redacted versions of Redacted Declaration No. 1 [ECF No. 28-19] ("Redacted Decl. No. 1") and Redacted Declaration No. 2 [ECF No. 28-20] ("Redacted Decl. No. 2"). As background, the public versions of the redacted Declarations have already been electronically filed on December 12, 2017 in support of Petitioners' emergency Application for a Temporary Restraining Order. *See* ECF No. 28-19 & No. 28-20. Given the extenuating circumstances facing Petitioners, Petitioners did not concurrently file an application for leave to file the declarations under seal with their Application for a Temporary Restraining Order. Since filing the Application for a Temporary Restraining Order, the Courtroom Deputy requested that Petitioners file an application for leave to file the declarations under seal. Accordingly, Petitioners respectfully submit this formal application for leave to file Redacted Decl. No. 1 [ECF No. 28-19] and Redacted Decl. No. 2 [ECF No. 28-20] under seal, with apologies for the belated filing.

On December 14, 2017, counsel for Petitioners conferred with counsel for Respondents regarding this application. *See* Declaration of Darlene M. Cho, concurrently filed herewith ("Cho Decl."), ¶ 2. Respondents' counsel indicated that they will not oppose this application. *Id.*

If this application is denied, Petitioners respectfully request that the Court order the Courtroom Deputy Clerk to destroy the chambers copies of the unredacted declarations and order Respondents to destroy the copies of the unredacted versions of the declarations served on December 14, 2017 via email and by overnight delivery (FedEx). In addition, if this application is denied, Petitioners request an opportunity to file a request for reconsideration.

## I.   IDENTITY OF DESIGNATING PARTY

The confidential information contained in Redacted Decl. No. 1 [ECF No. 28-

19] and Redacted Decl. No. 2 [ECF No. 28-20] consists of the identities of the declarants and details that may reveal the identities of the referenced detainees and family members. Cho Decl. ¶ 7. This information was redacted to ensure the safety of Petitioners and their families and prevent retaliation by Cambodian officials who attempted to extort and threatened Petitioners during interviews. *Id.* Petitioners are both the Filing Party and Designating Party for this motion. *See* L.R. 79-5.2.2(a).

## II.   LEGAL STANDARD

When evaluating a motion to seal documents, the court must "weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978). Two different standards apply for the purposes of sealing court records. For dispositive motions, the designating party must articulate "compelling reasons" for maintaining the confidentiality of the documents and seek relief that is narrowly tailored to the protected interest because dispositive motions carry a general presumption in favor of access to public records and documents. *Id.* at 567; *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 667-79 (9th Cir. 2010). For non-dispositive motions, a lesser standard applies and the designating party must show "good cause" for filing documents under seal which means the designating party "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F .3d 1206, 1210-11 (9th Cir. 2002).

The Ninth Circuit does not have a definitive rule as to whether a temporary restraining order constitutes a dispositive or non-dispositive motion. Some courts have concluded that preliminary injunctions constitute dispositive motions and therefore applied the "compelling reasons" standard. *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016) (concluding that plaintiffs "must demonstrate compelling reasons to keep the documents under seal" because "the preliminary injunction motion here was more than tangentially related to the merits of

APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

the case"); *Dish Network L.L.C. v. Sonicview USA, Inc.*, 2009 U.S. Dist. LEXIS 63429 at *17 (S.D. Cal. July 23, 2009) (determining that because "[a]n order on a motion for TRO and seizure directly addresses the merits of the action and seeks injunctive relief before trial . . . [p]laintiffs therefore must meet the 'compelling reasons' standard to seal their confidential informant declarations").

Other courts have concluded that preliminary injunctions/temporary restraining orders are non-dispositive motions and therefore applied the lesser standard of "good cause." *See, e.g.*, *Velasco v. Chrysler Group LLC*, 2014 U.S. Dist. LEXIS 178699 at *9-10 (C.D. Cal. Dec. 30, 2014) (finding that a motion for preliminary injunction was not dispositive and emphasizing that although other "courts are correct that a motion for a preliminary injunction *can* be a dispositive motion, it does not follow that *every* motion for an injunction will be dispositive") (emphasis in original); *In re NSA Telcoms. Records Litig.*, 2007 U.S. Dist. LEXIS 14473 at *46 (N.D. Cal. Feb. 20, 2007) (concluding that "a preliminary injunction motion is not dispositive because, unlike a motion for summary adjudication, it neither resolves a case on the merits nor serves as a substitute for trial"); *Reilly v. MediaNews Grp. Inc.*, 2007 U.S. Dist. LEXIS 8139 at *12 (N.D. Cal. Jan. 24, 2007) (treating motion for temporary restraining order as non-dispositive).

Under either the "compelling reasons" or "good cause" standard, this Court should grant Petitioners' application for leave to file under seal to preserve the personal safety of declarants and their families.

### III. REDACTED DECL. NO. 1 [ECF NO. 28-19] AND REDACTED DECL. NO. 2 [ECF NO. 28-20] SHOULD BE FILED UNDER SEAL BECAUSE PETITIONERS HAVE BEEN THREATENED WITH RETALIATION BY CAMBODIAN OFFICIALS

Petitioners fear retaliation for speaking out against Cambodian officials who extorted and threatened Petitioners and Petitioners' family members during and after

interviews. Cho Decl. ¶ 8. Indeed, many others have come forward with information regarding similar extortion attempts by Cambodian officials, but declined to provide a declaration regarding their experience, even when counsel advised that identifying information would be heavily redacted in any public filing. *Id.* ¶ 9. The two witnesses that agreed to provide Redacted Decl. No. 1 [ECF No. 28-19] and Redacted Decl. No. 2 [ECF No. 28-20] only did so because they believed information that would jeopardize the safety of any detainees or their families would not appear in any public filing or otherwise be disclosed to anyone outside of this litigation. *Id.* ¶ 10.

The declarant in Redacted Decl. No. 1 has a family member in detention who was threatened by Cambodian officials, and the declarant in Redacted Decl. No. 2 had a first-hand encounter with Cambodian officials who threatened him. Redacted Decl. No. 1, ECF No. 28-19, ¶¶ 12-14; Redacted Decl. No. 2, ECF No. 28-20, ¶¶ 14-15; *see also* Declaration of Jessica Castellanos, ECF No. 28-1 ("Castellanos Decl."), ¶ 12-13. During interviews attended by ICE officials, Cambodian officials demanded that Petitioners provide money or "gifts" (e.g., Rolex watches, expensive electronics, designer perfume, cash) in exchange for favorable treatment when Cambodia made decisions about issuing travel documents. Redacted Decl. No. 1, ECF No. 28-19, ¶ 12; Redacted Decl. No. 2, ECF No. 28-20, ¶ 15; Castellanos Decl. ¶ 12. Cambodian officials warned of retaliation, including arbitrary detention upon arriving in Cambodia, should a bribe not be provided. Redacted Decl. No. 2, ECF No. 28-20, ¶ 15. In addition to threatening Petitioners, Cambodian officials also directly contacted Petitioners' family members after the interviews. Redacted Decl. No. 1, ECF No. 28-19, ¶ 13; Castellanos Decl. ¶ 13. During these calls, Cambodian officials made similar demands for expensive goods and cash. Castellanos Decl. ¶ 13.

Disclosure of declarants' identities or other redacted details would jeopardize their personal safety and the safety of their families. Declarants' fear of retaliation and their interest in personal safety are two clear "compelling reasons" for filing their

unredacted declarations under seal. In addition, Petitioners' relief sought is narrowly tailored to the protected interest because the declarations at issue have been redacted only to ensure that personally identifying information is kept out of the public record (e.g., declarant's name, family members' names, residential information). The substance of their experiences remains unredacted and available for public access.

## IV. CONCLUSION

Petitioners respectfully request that the Court order that the unredacted versions of these declarations be filed under seal for the reasons articulated above.

Dated: December 15, 2017                SIDLEY AUSTIN LLP

                                        By: *s/ Darlene M. Cho*
                                            Michael L. Mallow
                                            Sean A. Commons
                                            Darlene M. Cho
                                            Naomi Igra
                                            Attorneys for Petitioners