JINGNI (JENNY) ZHAO (#284684)
ANOOP PRASAD (#250681)
KEVIN CHUN HOI LO (#278908)
MELANIE CHUN-YU KIM (#292588)
WINIFRED KAO (#241473)
ASIAN AMERICANS ADVANCING JUSTICE –
ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, California 94111
Telephone: (415) 896-1701
Fax: (415) 896-1702
Email: jennyz@advancingjustice-alc.org

*Additional Counsel Listed On Next Page*

Attorneys for Petitioners

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAK KIM CHHOEUN, MONY NETH, individually and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>DAVID MARIN, Field Office Director, Los Angeles Field Office, United States Immigration and Customs Enforcement; DAVID W. JENNINGS, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; THOMAS D. HOMAN, Acting Director, United States Immigration and Customs Enforcement; KIRSTJEN M. NIELSEN, Secretary, United States Department of Homeland Security; JEFFERSON B. SESSIONS III, United States Attorney General; SANDRA HUTCHENS, Sheriff of Orange County; and SCOTT R. JONES, Sheriff of Sacramento County,<br><br>Respondents. | Case No. 8:17-cv-01898-CJC (GJSx)<br>Assigned to: Hon. Cormac J. Carney<br><br>**PETITIONERS' NOTICE OF MOTION AND MOTION FOR ORDER CERTIFYING CLASS**<br><br>Date: August 13, 2018<br>Time: 1:30 p.m.<br>Place: 411 W. Fourth St.<br>    Santa Ana, CA, 92701<br>    Courtroom 9B, 9th Floor<br><br>[Filed concurrently with Supporting Declarations of Nak Kim Chhoeun, Mony Neth, Jingni Zhao, Laboni Hoq, Lee Gelernt, and Michael Mallow; and [Proposed] Order] |

232751507

LABONI HOQ (SBN 224140)
NICOLE GON OCHI (SBN 268678)
CHRISTOPHER LAPINIG (SBN 802525)
ASIAN AMERICANS ADVANCING JUSTICE – LOS ANGELES
1145 Wilshire Blvd., 2nd Floor
Los Angeles, CA 90017
Telephone: (213) 977-7500
Fax: (213) 977-7595
Email: lhoq@advancingjustice-la.org
Email: nochi@advancingjustice-la.org
Email: clapinig@advancingjustice-la.org

SEAN A. COMMONS (SBN 217603)
SIDLEY AUSTIN LLP
555 W. Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Fax: (213) 896-6600
Email: scommons@sidley.com

MICHAEL L. MALLOW (SBN 188745)
DARLENE CHO (SBN 251167)
KATELYN ROWE (SBN 318386)
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500
Fax: (310) 595-9501
Email: mmallow@sidley.com
Email: dcho@sidley.com
Email: krowe@sidley.com

NAOMI IGRA (SBN 269095)
ANGELA C. MAKABALI (SBN 296824)
SIDLEY AUSTIN LLP
555 California Street, Ste. 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
Email: naomi.igra@sidley.com
Email: amakabali@sidley.com

LEE GELERNT (NY Bar NY-8511)
JUDY RABINOVITZ (NY Bar JR-1214)
ANAND BALAKRISHNAN (Conn. Bar 430329)
ACLU FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2616
Email: lgelernt@aclu.org

ii

232751507

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND .................................................................................. 1

III.  PETITIONERS SATISFY THE STANDARDS FOR CLASS
      CERTIFICATION UNDER FED. R. CIV. P 23(a) AND 23(b)(2) ................... 3

      A.    The Requirements of Rule 23(a) Are Satisfied. ........................................ 4

           1.    The Class is So Numerous that Joinder is Impracticable. .............. 4

           2.    Class Members Share Common Questions of Law and Fact. ........ 5

           3.    The Named Representatives' Claims Are Typical of the
                 Class. ..................................................................................... 9

           4.    The Class Representatives Will Fairly and Adequately
                 Represent The Interests of the Class. ....................................... 10

      B.    Respondents' Uniform Conduct Justifies Classwide Injunctive
           and Declaratory Relief Under Rule 23(b)(2). ....................................... 12

      C.    This Court Should Appoint Class Counsel Pursuant To Rule
           23(g). ....................................................................................... 14

IV.  CONCLUSION ................................................................................. 15

PETITIONERS' MOTION FOR CLASS CERTIFICATION

232751507

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*,
  277 F.R.D. 572 (N.D. Cal. 2011) .......................................................................... 14

*Abdullah v. U.S. Sec. Assocs., Inc.*,
  731 F.3d 952 (9th Cir. 2013) ............................................................................ 5, 8

*Bateman v. Am. Multi-Cinema, Inc.*,
  623 F.3d 708 (9th Cir. 2010) ................................................................................ 3

*Bates v. United Parcel Service*,
  204 F.R.D. 440 (N.D. Cal. 2001) .......................................................................... 4

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  308 F.R.D. 606 (N.D. Cal. 2015) .......................................................................... 4

*Charlebois v. Angels Baseball, LP*,
  No. SACV 10-0853 DOC ANX, 2011 WL 2610122 (C.D. Cal. June
  30, 2011) ............................................................................................................... 5

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*,
  317 F.R.D. 91 (N.D. Cal. 2016), *aff'd*, 867 F.3d 1093 (9th Cir. 2017) ................... 4

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013)................................................................................................. 3

*Franco-Gonzales v. Napolitano*,
  No. CV 10-02211 DMG, 2011 WL 11705815 (C.D. Cal. Nov. 21,
  2011) ..................................................................................................................... 4

*Gen. Tel. Co. of Sw. v. Falcon*,
  457 U.S. 147 (1982).............................................................................................. 10

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .......................................................................... 9, 10

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................................ 9

iv

*Hernandez v. Lynch,*
  No. CV-16-00620-JGB(KKx), 2016 WL 7116611 (C.D. Cal. Nov. 10,
  2016), *aff'd sub nom. Hernandez v. Sessions*, 872 F.3d 976 (9th Cir.
  2017) ..................................................................................................... 6, 13, 14

*Inland Empire-Immigrant Youth Collective v. Nielsen,*
  No. CV-17-2048, 2018 WL 1061408 (C.D. Cal. Feb. 26, 2018).............. 6, 8, 13, 14

*Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson,*
  102 F.R.D. 457 (N.D. Cal. 1983) ............................................................. 6

*Lyon v. U.S. Immigration & Customs Enf't,*
  308 F.R.D. 203 (N.D. Cal. 2015) ........................................................... 13

*Marilley v. Bonham,*
  No. C-11-02418-DMR, 2012 WL 851182 (N.D. Cal. Mar. 13, 2012) .................... 4

*Meyer v. Portfolio Recovery Assocs., LLC,*
  707 F.3d 1036 (9th Cir. 2012) ................................................................ 5

*Ms. L. v. U.S. Immigration & Customs Enforcement, et al.,*
  No. 3:18-cv-00428-DMS-MDD, slip op. (S.D. Cal. filed June 26,
  2018) ..................................................................................................... 6, 14

*Parsons v. Ryan,*
  754 F.3d 657 (9th Cir. 2014) ........................................................... 9, 13, 14

*Perez-Olano v. Gonzalez,*
  248 F.R.D. 248 (C.D. Cal. 2008)......................................................... 8, 13

*Preap v. Johnson,*
  303 F.R.D. 566 (N.D. Cal. 2014), *aff'd*, 831 F.3d 1193 (9th Cir. 2016) ............... 13

*Rodriguez v. Hayes,*
  591 F.3d 1105 (9th Cir. 2010) ............................................................... 13

*Smith v. Heckler,*
  595 F. Supp. 1173 (E.D. Cal. 1984) ......................................................... 4

*Smith v. Univ. of Wa. Law Sch.,*
  2 F. Supp. 2d 1324 (W.D. Wash. 1998) ..................................................... 9

*Sueoka v. United States,*
  101 F. App'x 649 (9th Cir. 2004)............................................................. 4

v

*Sweet v. Pfizer*,
  232 F.R.D. 360 (C.D. Cal. 2005)...............................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)...............................................................................................6

*Walters v. Reno*,
  145 F.3d 1032 (9th Cir. 1998) ...........................................................................6, 13

*Zadvydas v. Davis*,
  533 U.S. 678 (2001)................................................................................................8

**Statutes**

8 U.S.C. § 1231........................................................................................................8

**Other Authorities**

8 C.F.R. § 241.13......................................................................................................7

7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal
  Practice & Procedure* § 1764 (3d ed. 2005) .......................................................9, 12

Fed. R. Civ. P. 23(a) ...........................................................................................*passim*

Fed. R. Civ. P. 23(b) ...........................................................................................*passim*

Fed. R. Civ. P. 23(g) ...............................................................................................14

232751507

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION FOR ORDER CERTIFYING CLASS

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 13, 2018 at 1:30 p.m., or as soon thereafter this matter may be heard, before the Honorable Cormac J. Carney, in Courtroom 9B, 9th Floor, of the United States District Court for the Central District of California, located at 411 W. Fourth St., Santa Ana, CA, 92701, Petitioners Nak Kim Chhoeun and Mony Neth ("Petitioners") will and hereby move, pursuant to Federal Rule of Civil Procedure 23, for an order certifying the following proposed Class, appointing each of them as class representatives, and appointing their undersigned counsel as class counsel:

**All Cambodian nationals in the United States who received final orders of deportation or removal, and were subsequently released from ICE custody, and have been or may be re-detained for removal by ICE (the "Class").**

This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities; the supporting Declarations of Nak Kim Chhoeun, Mony Neth, Boroeun Chhin, Jingni Zhao, Laboni Hoq, Lee Gelernt, and Michael L. Mallow; the pleadings, declarations, and filings in this action; any additional matter of which the Court may take judicial notice; and such further evidence or argument as may be presented before or at the hearing on this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 22, 2018.

Date: July 2, 2018                    Respectfully submitted,


*/s/ Jingni Zhao*
Jingni (Jenny) Zhao
Anoop Prasad
Kevin Chun Hoi Lo
Melanie Chun-Yu Kim
Winifred Kao
ASIAN AMERICANS ADVANCING
JUSTICE –
ASIAN LAW CAUCUS

vii

232751507

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Laboni Hoq*
Laboni Hoq
Nicole Gon Ochi
Christopher Lapinig
ASIAN AMERICANS ADVANCING
JUSTICE – LOS ANGELES

*/s/ Darlene Cho*
Michael L. Mallow
Sean A. Commons
Darlene Cho
Naomi Igra
Angela C. Makabali
Katelyn Rowe
SIDLEY AUSTIN LLP

*/s/ Lee Gelernt*
Lee Gelernt
Judy Rabinovitz
Anand Balakrishnan
ACLU FOUNDATION IMMIGRANTS'
RIGHTS PROJECT

Attorneys for Petitioners

PETITIONERS' MOTION FOR CLASS CERTIFICATION

232751507

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

There are approximately 1,900 Cambodian refugees living in the United States with final orders of removal. Last fall, approximately 100 of them were torn from their communities without warning. They were shipped to detention facilities, often thousands of miles from home, and threatened with removal to a country their families fled decades ago.

The Court acted swiftly to grant the individuals re-detained in the fall 2017 raids a brief time window in which to seek legal advice and immigration remedies. In doing so, the Court has already granted uniform relief to what is, in essence, a Rule 23(b)(2) class created by the Government's uniform conduct. The Court also ordered named Petitioner Nak Kim Chhoeun's release from detention, employing reasoning that applies with equal force to other Cambodian refugees re-detained without notice.

The Court's rulings, however, have not deterred the Government from its class-wide course of conduct. The Government continues to re-detain Cambodian refugees without notice and without affording them individualized consideration, an opportunity to pursue immigration relief, or an opportunity to wrap up their affairs after having spent most of their lives the United States. Accordingly, named Petitioners Nak Kim Chhoeun and Mony Neth now seek to certify a class of Cambodians with final removal orders who are subject to the Government's unlawful uniform re-detention practices. As detailed herein, Petitioners satisfy the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy, and the proposed class constitutes a quintessential Rule 23(b)(2) class.

### II.   BACKGROUND

Named Petitioners Nak Kim Chhoeun and Mony Neth were among approximately 100 Cambodian refugees who were abruptly re-detained by the Government last fall. All had been ordered removed and subsequently released

232751507

because Cambodia would not accept their repatriation. After already having been detained and released to live in their communities on orders of supervision, they were re-detained without notice at their homes or workplaces or at appointments with ICE.

The Court has issued four significant rulings thus far in the case. First, on December 14, 2017 and January 25, 2018, the Court entered orders briefly staying removal so that individuals faced with sudden deportation could have an opportunity to consult with counsel and pursue motions to reopen. Dkts. 32 at 2, 75 at 2. The stay expired on February 5, 2018, except for individuals who filed motions to reopen by that date, who remain protected by the stay while they litigate those motions.

Second, on March 26, 2018, the Court denied Respondents' first motion to dismiss and granted Petitioner Chhoeun's immediate release from custody. Dkt. 104, MTD Order at 2-3, 15. The Court found the Government's practice of "abrupt[ly] arrest[ing] and det[aining] . . . without notice" or opportunity to challenge stale removal orders violates and is "repugnant to due process." *Id.* at 15.

Third, the Court issued an Order to Show Cause on March 26, 2018 that proposed certifying a class not defined in Petitioners' complaint and releasing all class members from detention.  The Court discharged the OSC on April 12, 2018 solely based on lack of evidence of numerosity as to the class proposed in the OSC.

Fourth, on June 4, 2018, the Court denied Respondents' second motion to dismiss. Dkt. 131. The Court rejected Respondents' argument that the case was moot because both named Petitioners had been released from detention such that Petitioners were "no longer entitled to pursue class certification." The Court noted that it "has yet to resolve whether Petitioners' proposed class can be certified" and gave Petitioners until July 2, 2018 to move for class certification.

Petitioners now request certification of the following class encompassed in the First Amended Complaint:

232751507

1
2
3

**All Cambodian nationals in the United States who received final orders of deportation or removal, and were subsequently released from ICE custody, and have been or may be re-detained for removal by ICE (the "Class").**

4   Certifying the Class will allow the Court to redress the Government's unlawful

5   re-detention practices, which the Government continues to apply to members of the

6   Class ("Class Members"). Dkt. 127-1, Lo Decl.; Declaration of Boroeun Chhin

7   ("Chhin Decl.") ¶¶ 6, 9 (Borinn Ry was arrested by ICE on April 2, 2018, and

8   remains detained despite granting of motion to reopen).

9
10

### III.   PETITIONERS SATISFY THE STANDARDS FOR CLASS CERTIFICATION UNDER FED. R. CIV. P 23(a) AND 23(b)(2)

11   Under Rule 23(a), parties seeking class action status must show that (1) "the

12   class is so numerous that joinder of all members is impracticable"; (2) "there are

13   questions of law or fact common to the class"; (3) "the claims or defenses of the

14   representative parties are typical of the claims or defenses of the class"; and (4) "the

15   representative parties will fairly and adequately protect the interests of the class." Fed.

16   R. Civ. P. 23(a)(1)–(4).

17   Once the elements of Rule 23(a) are established, Petitioners must also show

18   that the proposed class falls within one of the class types identified in Rule 23(b). Fed.

19   R. Civ. P. 23(b); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  Here,

20   Petitioners seek the certification of the Class under Rule 23(b)(2) on the ground that

21   Respondents have "acted or refused to act on grounds that apply generally to the class,

22   so that final injunctive relief or corresponding declaratory relief is appropriate

23   respecting the class as a whole."

24   The decision to grant or deny class certification is within the trial court's

25   discretion. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010)

26   (citing *Yamamoto v. Omiya,* 564 F.2d 1319, 1325 (9th Cir. 1977)).

27
28

232751507

**A.      The Requirements of Rule 23(a) Are Satisfied.**

      **1.      The Class is So Numerous that Joinder is Impracticable.**

With a class size of approximately 1,900 dispersed people, Petitioners easily meet Rule 23(a)(1)'s requirement that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). No precise number of potential class members is required to satisfy the numerosity requirement. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606, 613 (N.D. Cal. 2015) (citing *Bates v. United Parcel Service,* 204 F.R.D. 440, 444 (N.D. Cal. 2001)). Nonetheless, courts have found "that classes with as few as 39 members [meet] the numerosity requirement[.]" *Franco-Gonzales v. Napolitano*, No. CV 10-02211 DMG, 2011 WL 11705815, at *6 (C.D. Cal. Nov. 21, 2011) (citations omitted).  "Where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied."  *Id.* at *9 (quoting 1 Robert Newberg, *Newberg on Class Actions,* § 3:3 (4th ed. 2002)).

Indeed, in injunctive relief-only cases, "[j]oinder in the class of persons who may be injured in the future has been held impracticable, without regard to the number of persons already injured." *Smith v. Heckler*, 595 F. Supp. 1173, 1186 (E.D. Cal. 1984); *Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004) ("the numerosity requirement is relaxed and plaintiffs may rely on [ ] reasonable inference[s] . . . that the number of unknown and future members . . . is sufficient to make joinder impracticable."); *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*, 317 F.R.D. 91, 100 (N.D. Cal. 2016), *aff'd,* 867 F.3d 1093 (9th Cir. 2017); *see also Bates v. United Parcel Serv.*, 204 F.R.D. 440, 444 (N.D. Cal. 2001) (finding joinder would be impracticable where proposed class and subclass included then-unknown class members). In evaluating impracticability of joinder, a court may also consider the geographical distribution of the class members and whether class members are difficult to identify. *See Marilley v. Bonham*, No. C-11-02418-DMR, 2012 WL

232751507

851182, at *3 (N.D. Cal. Mar. 13, 2012) (citing *Haley v. Medtronic, Inc.,* 169 F.R.D. 643, 648 (C.D. Cal. 1996)).

Petitioners seek relief on behalf of approximately 1,900 Cambodian nationals in the United States who received final orders of deportation or removal, and were subsequently released from ICE custody, and who have been or may be re-detained for removal by ICE. Dkt. 27, FAC ¶¶ 4, 48; Dkt. 60-1, Declaration of John A. Schultz ("Schultz Decl. II") ¶ 7. In October 2017 alone, ICE revoked the release of no fewer than 89 Class Members, presumably pursuant to ICE's claimed practice of "generally present[ing] 50 to 100 Cambodian nationals for identity verification at a time." *See id.* ¶¶ 9, 15. Thus, while there is no specific minimum number of plaintiffs required to obtain class certification, the proposed Class easily satisfies the minimum number of 40 individuals that courts have found to be sufficiently numerous. *See Charlebois v. Angels Baseball, LP*, No. SACV 10-0853 DOC ANX, 2011 WL 2610122, at *4 (C.D. Cal. June 30, 2011) (numerosity requirement is generally satisfied when the class is in excess of forty members).

Furthermore, the 1,900 Class Members are geographically dispersed, also establishing the impracticability of joinder. *See*, *e.g.*, Dkt. 28-12, Declaration of Anoop Prasad ("Prasad Decl.") ¶¶ 7, 13.

### 2.    Class Members Share Common Questions of Law and Fact.

Petitioners also satisfy Rule 23(a)(2)'s requirement that the case poses "questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), given the numerous common questions at issue here. "[A] single significant question of law or fact" is sufficient to satisfy the commonality inquiry. *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 589 (9th Cir. 2012)); *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041-42 (9th Cir. 2012). The common question must have the capacity "to generate common *answers* apt to drive the resolution of the litigation."

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)) (emphasis in original).

Where, as here, the class has been created by Respondents' uniform conduct, commonality under Rule 23(a)(2) is satisfied. *See Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 462-63 (N.D. Cal. 1983) (finding Rule 23(a)(2) commonality satisfied where plaintiffs alleged that defendants engaged in a systematic and uniform practice of conducting workplace raids and that these practices were the cause of the deprivation of constitutional rights suffered by the proposed plaintiff class); *see also Walters v. Reno*, 145 F.3d 1032, 1045-46 (9th Cir. 1998) (finding commonality in case challenging notices of deportation proceedings); *Ms. L. v. U.S. Immigration & Customs Enforcement, et al.*, No. 3:18-cv-00428-DMS-MDD, slip op. at 12  (S.D. Cal. filed June 26, 2018) (commonality satisfied where plaintiffs raised at least one legal question, *i.e.*, whether ICE's practice of separating parents and children without a showing the parent was unfit or presented a danger to the child violated due process);[1] *Inland Empire-Immigrant Youth Collective v. Nielsen*, No. CV-17-2048 PSG(SHKx), 2018 WL 1061408, at *9 (C.D. Cal. Feb. 26, 2018) (finding commonality requirement satisfied in case challenging termination of immigration benefit without notice or an opportunity to be heard despite factual differences among plaintiffs); *Hernandez v. Lynch*, No. CV-16-00620-JGB(KKx), 2016 WL 7116611, at *17 (C.D. Cal. Nov. 10, 2016) (finding that class of detained immigrants subjected to same bond determination policies and practices satisfied commonality requirement), *aff'd sub nom. Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017).

---

[1] For the Court's convenience, and because the decision was not available on Westlaw at the time of filing, a copy of the Order Granting in Part Plaintiffs' Motion for Class Certification in *Ms. L. v. U.S. Immigration & Customs Enforcement, et al.* is attached hereto as **Exhibit A.**

232751507

There is no question that the Government acts uniformly with respect to Cambodian refugees on orders of supervision. The Government has acknowledged as much. In response to the OSC, the Government conceded that it has "acted on grounds that apply generally to the class" proposed there. The Government has consistently taken the position that it has unfettered discretion to re-detain Class Members. Dkt. 89 at 16 ("the Due Process Clause did not require that Petitioners receive any process before ICE revoked their release"); Dkt. 115 at 31 ("Due process did not, and does not, demand that the Government consider whether the putative class members pose a danger to the community or a flight risk."). And the Government has consistently described Class Members as fungible and indistinguishable removable aliens. *See* 1/25/18 Hrg. Tr. at 24:14-19, 25:5-10[2]; Dkt. 92-23, Lo Decl. Ex. A (discussing the Government's desire to "reduc[e] the backlog of 1,943 final order Cambodian nationals").

The Court has summarized the Government's position as follows: "once an individual is subject to an order of removal, the Government may detain and deport that individual without any process—regardless of the passage of time since the order was issued, the individual's ties to the community, and the significant liberty interests at issue." MTD Order at 14. This general policy gives rise to Class Members' claims, which raise three sets of common legal and factual questions.

The primary question in this case concerns (1) whether the Constitution and 8 C.F.R. § 241.13 require that Class Members who face re-detention be afforded meaningful notice and an opportunity to be heard as to why they should not be re-

_____

[2] The Government described the wholesale roundup of Class Members as follows: "Over those years, the number of [Cambodian] aliens with removal orders has accumulated much faster than the time that the two countries have been able to negotiate these regular visits by Cambodian officials to interview them . . . However, to the point we are today, there is no gap time, there is no warning simply because [Section] 1231 requires detention, and it requires the government to take them . . . and once the government has to detain them to execute the removal order, that needs to be a fast process." 1/25/18 Hrg. Tr. 25:5-10.

PETITIONERS' MOTION FOR CLASS CERTIFICATION

232751507

detained, and whether the Government has provided the required notice and opportunity to be heard prior to re-detention.

The second set of questions centers around the proof of the likelihood of removal that is required for the Government to re-detain Class Members, who were all previously detained for prolonged periods of time while the Government attempted unsuccessfully to carry out removal to Cambodia:

> (1) Whether *Zadvydas v. Davis*, 533 U.S. 678 (2001), 8 U.S.C. § 1231, and the Constitution require individualized evidence that removal is significantly likely in the reasonably foreseeable future before the Government may re-detain Class Members.

> (2) Whether, under *Zadyvdas*, 8 U.S.C. § 1231, and the Constitution, the Government is entitled to a six-month presumption of reasonableness each time it re-detains Class Members.

The third set of questions centers around the procedural protections that must accompany the re-detention and attempted removal of Class Members, who have all returned to their families and communities on orders of supervision:

> (1) Whether the Government has afforded Class Members meaningful notice and an opportunity to be heard upon re-detention.

> (2) Whether Class Members are entitled to an individualized determination by a neutral decision-maker promptly upon being re-detained regarding whether a Class Member poses a danger to the public or a risk of flight.

Answers to these common questions will drive the resolution of the case. And any one of these common questions, standing alone, is enough to satisfy Rule 23(a)(2)'s standard. *Nielsen*, 2018 WL 1061408 at *8 (citing *Wal-Mart*, 564 U.S. at 359) ("[E]ven a single [common] question will do."); *Abdullah*, 731 F.3d at 957; *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 257 (C.D. Cal. 2008) ("Courts have found that a single common issue of law or fact is sufficient[.]") (citation omitted); *see also Sweet v. Pfizer*, 232 F.R.D. 360, 367 (C.D. Cal. 2005) ("[T]here must only be one single issue common to the proposed class") (quotation and citation omitted).

232751507

### 3. The Named Representatives' Claims Are Typical of the Class.

Petitioners also satisfy Rule 23(a)(3) because the claims of named Petitioners
Nak Kim Chhoeun and Mony Neth are "typical of the claims or defenses of the class."
Typicality and commonality requirements "occasionally merge," *Parsons v. Ryan*,
754 F.3d 657, 685 (9th Cir. 2014) (citing *Wal-Mart,* 131 S. Ct. at 2551 n.5), but
typicality aims to assure "the interest of the named representative aligns with the
interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.
1992) (citation omitted).

The typicality test asks "whether other members have the same or similar
injury, whether the action is based on conduct which is not unique to the named
plaintiffs, and whether other class members have been injured by the same course of
conduct." *Parsons*, 754 F.3d at 675 (citation and internal quotation marks omitted).
This test "turns on the defendant's actions toward the plaintiff class, not
particularized defenses against individual class members." *Smith v. Univ. of Wa. Law
Sch.*, 2 F. Supp. 2d 1324, 1342 (W.D. Wash. 1998) (citation and internal quotation
marks omitted). "Under the rule's permissive standards, representative claims are
'typical' if they are reasonably co-extensive with those of absent class members; they
need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020
(9th Cir. 1998); *see also* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay
Kane, *Federal Practice & Procedure* § 1764 (3d ed. 2005) ("[T]ypical claims need
not be identical to one another; something less restrictive is appropriate to satisfy
Rule 23(a)(3).").

Because named Petitioners share relevant common factual and legal issues with
the Class Members, they also satisfy typicality. The Government policies that
resulted in the unlawful re-detentions of the named Petitioners also apply to the
unnamed Class Members – the "approximately 1,900 Cambodians with final removal
orders in the United States." 1/11/18 Schultz Decl. ¶¶ 7-11. These policies resulted in

232751507

the re-detention of no fewer than 89 Class Members without adequate notice or individualized consideration. *See id.* ¶ 15 ("ICE also revoked the release of 89 individuals with final removal orders, including Petitioners Nak Kim Chhoeun and Mony Neth . . . ."); *see also* Dkt. 92-01, Declaration of Boonmi Boonmy ("Boonmy Decl.") ¶¶ 8-13; Dkt. 92-27, Declaration of Phann Pheach ("Pheach Decl.") ¶¶ 7-13; Dkt. 92-29, Declaration of Phorn Tem ("Tem Decl.") ¶¶ 8-13; Dkt. 92-05, Declaration of Sok Chhay ("Chhay Decl.") ¶¶ 13-17; Dkt. 92-28, Decl. of Reas Rong ("Rong Decl.") ¶¶ 4-5, 8-12; Dkt. 28-2, 12/12/17 Chhoeun Decl. ¶¶ 8, 13-19; Dkt. 28-8, Declaration of Rottanak Kong ("Kong Decl.") ¶¶ 6-11; Dkt. 28-09, Declaration of Mony Neth ("12/12/17 Neth Decl."), ¶¶ 5-11.

Furthermore, Petitioners' interests clearly align with those of unnamed Class Members, including an interest in this Court's determination of whether ICE can re-detain Class Members without notice and an opportunity to be heard, as well as whether Class Members are entitled to a prompt hearing before a neutral decision-maker as to whether Class Members pose a danger to the public or a risk of flight. Accordingly, Rule 23(a)(3) is satisfied.

### 4.   The Class Representatives Will Fairly and Adequately Represent The Interests of the Class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class," which is also met here. Fed. R. Civ. Pro. 23(a)(4). Commonality and typicality concerns also relate to the assessment of a representative's adequacy. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n. 13 (1982). The adequacy inquiry asks: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020 (citation omitted). Both requirements are plainly satisfied here.

PETITIONERS' MOTION FOR CLASS CERTIFICATION

232751507

The named Petitioners have substantial common interests with the unnamed class members. Named Petitioners, like unnamed Class Members, were unlawfully detained without individualized evidence that removal was reasonably foreseeable and without individualized consideration of the need for detention. *See, e.g.*, 12/12/17 Neth Decl., ¶¶ 7-12; 12/12/17 Chhoeun Decl. ¶ 13-18; Dkt. 92-31, Supplemental Declaration of Sareang Ye ("Supp. Ye Decl.") ¶¶ 2-3; Tem Decl. ¶¶ 7-9; Rong Decl. ¶¶ 8-10; Dkt. 60-10, Declaration of Lisa Kum ("Kum Decl.") ¶ 4; Dkt. 62-13, Declaration of Pisith Phlek ("Phlek Decl.") ¶¶ 11-14; 1/25/18 Hrg. Tr. 26:10-14 ("They take them into detention so they can have access for the interview. And then they're interviewed by the officials . . . and then it's a process. In the meantime, they stay in detention until they're removed.").

As a result of their common treatment by ICE, named Petitioners share the interest of all Class Members in minimizing detention, and they do not have interests that are antagonistic to the Class they would represent. *See* Declaration of Nak Kim Chhoeun ("Chhoeun Class Cert. Decl.") ¶¶ 3-8; Declaration of Mony Neth ("Neth Class Cert. Decl.") ¶¶ 7-12. The relief they seek is uniform and would give all Class Members a meaningful opportunity to challenge their detention and removal. There are no conflicts of interest between the named Petitioners and other Class Members. Chhoeun Class Cert. Decl. ¶¶ 9-10; Neth Class Cert. Decl. ¶¶ 13-14.

Furthermore, counsel is well qualified, bring broad and deep expertise, and will zealously prosecute this case. Asian Americans Advancing Justice – Asian Law Caucus ("ALC") is the nation's first legal and civil rights organization serving low-income Asian Pacific American communities and has done so for almost 50 years. *See* Declaration of Jingni Zhao ¶ 3. ALC's Immigrant Rights program is at the forefront of providing legal services to hundreds of immigrants facing deportation due to criminal convictions. *Id.* Asian Americans Advancing Justice –Los Angeles ("Advancing Justice - LA") is the nation's largest legal and civil rights organization

232751507

for Asian Americans, Native Hawaiians, and Pacific Islanders. Declaration of Laboni Hoq ¶ 3. Advancing Justice - LA's robust Impact Litigation and Immigration Project teams have extensive experience advocating for immigrants' rights in class and individual contexts, especially in this District. *Id.* The ACLU's Immigrant Rights Project ("IRP") is the nation's leading litigation group addressing immigrants' rights, and its lawyers are frequently designated class counsel in federal court.[3] *See* Declaration of Lee Gelernt ¶¶ 3, 5-6. Sidley Austin LLP is one of the country's leading law firms, with over 2,000 lawyers and paralegals worldwide, a global reputation for excellence, and frequent experience with federal class actions.[4] *See* Declaration of Michael Mallow ¶¶ 3-5 & Ex. A *thereto*. The individual attorneys affiliated with these organizations bring decades of experience handling immigration, habeas, civil rights, and class action cases, and this Court has already observed their zealous representation.[5]

### B. Respondents' Uniform Conduct Justifies Classwide Injunctive and Declaratory Relief Under Rule 23(b)(2).

Petitioners seek certification under Rule 23(b)(2), which authorizes class actions if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) class actions are particularly effective in civil rights cases because these cases often involve classes which are difficult to enumerate but which involve allegations that a defendant's conduct affected all class members in the same way." Rubenstein, *Newberg on Class Actions* § 4:40 (5th ed.). Indeed, subdivision

---

[3] *See generally* https://www.aclu.org/issues/immigrants-rights.

[4] *See generally* https://www.sidley.com/en/us/services/.

[5] *See also* Resumés of Jenny Zhao, https://www.advancingjustice-alc.org/who-we-are/our-staff/, Laboni Hoq, https://advancingjustice-la.org/who-we-are/litigation-director, and Lee Gelernt, https://www.aclu.org/bio/lee-gelernt.

12

232751507

(b)(2) was added to Rule 23 "to make it clear that civil-rights suits for injunctive or declaratory relief can be brought as class actions." Wright & Miller, *Federal Practice & Procedure* § 1776; *see also Walters*, 145 F.3d at 1047 ("[Rule] 23(b)(2) was adopted in order to permit the prosecution of civil rights actions.").

In light of (b)(2)'s purpose, class certification is particularly appropriate where, as here, the Class challenges a uniform Government policy that applies generally to the Class and seeks prospective relief in the form of an injunction or declaratory judgment such that a single remedy would provide relief for each Class Member. *See Preap v. Johnson*, 303 F.R.D. 566, 587 (N.D. Cal. 2014) (citing, *inter alia*, *Wal–Mart*, 131 S. Ct. at 2557 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.")), *aff'd,* 831 F.3d 1193 (9th Cir. 2016); *see also Rodriguez v. Hayes*, 591 F.3d 1105, 1125-26 (9th Cir. 2010) (certifying a Rule 23(b)(2) class of immigrant detainees potentially held pursuant to different statutes); *Nielsen*, 2018 WL 1061408 at *11 (certifying a Rule 23(b)(2) class of removable immigrants); *Hernandez*, 2016 WL 7116611, at *19-20 (certifying class of detained immigrants challenging their detention pursuant to Rule 23(b)(2) and Rule 23(b)(1)(A-B)). "Identification of all class members is not necessary under Rule 23(b)(2)." *Perez-Olano*, 248 F.R.D. at 259. Rather, applying Rule 23(b)(2) "is appropriate . . . where plaintiffs bring a class action on behalf of a 'shifting population.'" *Id.* (citation omitted). Additionally, Rule 23(b)(2) certification is appropriate to ensure that Class Members receive the process to which they are entitled, even though some may not ultimately prevail in administrative proceedings.[6]

---

[6] *Parsons*, 754 F.3d at 688 (citing *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010)) (finding certification under Rule 23(b)(2) appropriate: "[w]hile each of the certified ADC policies and practices may not affect every member of the proposed class and subclass in exactly the same way, they constitute shared grounds for all inmates in the proposed class and subclass."); *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (that detention facilities had practical differences did not negate the fact that Plaintiffs sought relief under Rule 23(b)(2) that was applicable to and appropriate for the entire class; "an order setting forth what elements of telephone access are required to effectuate Plaintiffs' statutory and constitutional rights.")

13

232751507

1  *See Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, 277 F.R.D. 572, 577 (N.D. Cal.

2  2011) ("Either the blanket policy is legally permissible under all the circumstances,

3  or it is not. That issue may be resolved on a class-wide basis without regard to the

4  specific circumstances of each class member and the particular harms he or she may

5  have suffered.").

6      The Class that Petitioners seek to certify is a quintessential Rule 23(b)(2) class

7  that results from Respondents' uniform policies and practices. As discussed above,

8  *supra* Part III.A.2, Respondents are acting on grounds generally applicable to the

9  Class. *See* 1/25/18 Hrg. Tr. at 24:14-19, 25:5-10. The declarations of various Class

10  Members confirm that Respondents' practices and policies have been applied

11  uniformly to Class Members. *See, e.g.*, Boonmy Decl.¶¶ 8-13; Pheach Decl. ¶¶ 9-12;

12  Tem Decl. ¶¶ 6-13; Chhay Decl.¶¶ 13-17; Rong Decl. ¶¶ 4-5, 8-12; Chhin Decl. ¶¶ 6-

13  7; 12/12/17 Chhoeun Decl. ¶¶ 8, 13-19; Kong Decl. ¶¶ 6-11; 12/12/17 Neth Decl.¶¶

14  5-11.

15      Because a single injunction would afford relief as to all Class Members,

16  certification under Rule 23(b)(2) is appropriate. *See Parsons*, 754 F.3d at 689

17  (finding declaratory and injunctive relief proper as to class where "every

18  [member] . . . is allegedly suffering the same (or at least a similar) injury and that

19  injury can be alleviated for every class member by uniform changes in . . . policy and

20  practice."); *Ms. L.*, slip op. at 16-17 (certifying 23(b)(2) class in civil rights action

21  challenging ICE's practice that applied to all members of the proposed class because

22  the practice could be declared lawful or unlawful as to the class as a whole); *Nielsen*,

23  2018 WL 1061408, at *11; *Hernandez*, 2016 WL 7116611, at *19.

24      **C.     This Court Should Appoint Class Counsel Pursuant To Rule 23(g).**

25      As described above in Part A.4, counsel is qualified to handle class-action

26  litigation and will zealously prosecute this case for the Class. This Court is familiar

27  with counsel's work. The litigation team includes attorneys with extensive experience

28

in class actions, experience in immigration and habeas class actions, and expertise in immigration law, habeas law, and other relevant legal issues. The litigation team has already devoted substantial resources to representing the Class. Accordingly, this Court should appoint Petitioners' counsel as class counsel for any certified Class.

## IV.    CONCLUSION

Petitioners respectfully request that this Court certify the Class, name the Petitioners as class representatives, and appoint Petitioners' counsel as class counsel.

Date: July 2, 2018                              Respectfully submitted,


                                                */s/ Jingni Zhao*
                                                Jingni (Jenny) Zhao
                                                Anoop Prasad
                                                Kevin Chun Hoi Lo
                                                Melanie Chun-Yu Kim
                                                Winifred Kao
                                                ASIAN AMERICANS ADVANCING
                                                JUSTICE –
                                                ASIAN LAW CAUCUS

                                                */s/ Laboni Hoq*
                                                Laboni Hoq
                                                Nicole Gon Ochi
                                                Christopher Lapinig
                                                ASIAN AMERICANS ADVANCING
                                                JUSTICE – LOS ANGELES

                                                */s/ Darlene Cho*
                                                Michael L. Mallow
                                                Sean A. Commons
                                                Darlene Cho
                                                Naomi Igra
                                                Angela C. Makabali
                                                Katelyn Rowe
                                                SIDLEY AUSTIN LLP

                                                */s/ Lee Gelernt*
                                                Lee Gelernt
                                                Judy Rabinovitz
                                                Anand Balakrishnan
                                                ACLU FOUNDATION IMMIGRANTS'
                                                RIGHTS PROJECT

                                                Attorneys for Petitioners

232751507