1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| NAK KIM CHHOEUN AND MONY NETH, individually and on behalf of a class of similarly situated individuals, | Case No.: SACV 17-01898-CJC(GJSx) |
| Petitioners, | |
| v. | ORDER GRANTING PETITIONERS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER [Dkt. 185] |
| DAVID MARIN, DAVID JENNINGS, THOMAS HOMAN, ELAINE DUKE, JEFFERSON SESSIONS III, SANDRA HUTCHENS, AND SCOTT JONES, | |
| Respondents. | |

//
//

On October 27, 2017, Petitioners Nak Kim Chhoeun and Mony Neth filed this class action challenging the Government's policy of rounding up and placing in immigration detention Cambodian nationals who have been living peaceably in our communities for years.  (Dkt. 1 [Complaint].)[1]  Petitioners claim that the Government violated the due process clause of the Constitution, along with several immigration regulations and statutes, when it re-detained them without notice and without an opportunity to challenge their removal.  (*See generally* Dkt. 27 [First Amended Complaint].)  On August 14, 2018, the Court granted Petitioners' motion for class certification in substantial part.  (Dkt. 149.)  The Court certified a class consisting of

> All Cambodian nationals in the United States who received final orders of deportation or removal, and were subsequently released from ICE custody, and have not subsequently violated any criminal laws or conditions of their release, and have been or may be re-detained for removal by ICE.

(*Id.* at 16.)

According to Petitioners, the Government has continued to re-detain class members without any notice.  Since the raid involving the named Petitioners in late 2017, the Government has carried out two smaller raids.  In the spring of 2018, the Government detained without notice approximately 30 Cambodians, many of whom are class members, and interviewed them for travel documents.  (Dkt. 127-1 [Declaration of Kevin Lo] ¶ 6.)  In the fall of 2018, the Government detained without notice approximately 50 Cambodians—again, many of whom are class members—and interviewed them for travel documents.  (Dkt. 185-8 [Declaration of Anoop Prasad] ¶ 3.)  Those detained included

---

[1]  "The Government" refers to Respondents David Marin, Field Office Director, Los Angeles Field Office, United States Immigration and Customs Enforcement; David Jennings, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement ("ICE"); Thomas Homan, Acting Director, United States Immigration and Customs Enforcement; Kirstjen Nielsen, Secretary of the Department of Homeland Security; and Jefferson Sessions III, United States Attorney General.

Chhay Kim, who had reported to ICE consistently for 18 years and whose wife was months away from giving birth to their fifth child.  (Dkt. 185-10 [Declaration of Chhay Kim] ¶¶ 9, 11, 12.)  Class member Sene Sam was likewise re-detained without warning in his own home, and in front of his 10-year-old daughter and mother-in-law.  (Dkt. 185-12 [Declaration of Sene Sem] ¶ 25.)

Petitioners have received "reliable information that [the Government] intends to carry out large-scale raids and re-detain up to 100 class members beginning in January 2019." (Dkt. 185 at 6.)  On December 17, 2018, a Cambodian government official alerted one of Petitioners' counsel about a U.S. diplomatic note inviting Cambodian officials to conduct interviews of 100 Cambodian nationals from January 28, 2019 to February 8, 2019.  (Dkt. 185-5 [Declaration of Kevin Chun Hoi Lo] ¶ 3.)  According to Petitioners, such interviews have always been preceded by Government raids, which must be conducted sufficiently in advance to transport individuals to their interview location.  (*Id*. ¶¶ 3–5.)

Concerned about the possibility of yet another raid, Petitioners contacted the Government on December 19, 2018 to determine whether the Government would provide notice to class members before re-detaining them.  (Dkt. 185-9 [Declaration of Jingni Zhao, hereinafter "Zhao Decl."] ¶ 2.)  When the Government responded that it would not provide notice without a Court order, Petitioners stated they would seek emergency relief in this Court.  (*Id*. ¶ 3.)  The Government asked Petitioners to postpone their filing in light of the Government shutdown.  (Dkt. 185 at 6.)  Petitioners agreed to do so on the understanding that no raids would be conducted before January 7, 2019.  (*Id.*)  Petitioners then filed their application for a temporary restraining order on December 31, 2018, (Dkt. 185), and the Government agreed to file its opposition by January 2, 2019, (Zhao Decl. ¶ 4).

The Government failed to file an opposition to Petitioners' application for a temporary restraining order.  Instead, the Government requested to stay the briefing schedule on Petitioners' application until appropriations resume.  (Dkt. 186.)  Despite asking the Court to stay its resolution of Petitioners' application for a temporary restraining order, the Government did not agree to postpone any raids on Petitioners for the duration of that stay.  (*See* Dkt. 189.)  Given the Government's failure to provide the Court adequate assurances that Petitioners will be afforded sufficient pre-detention notice before the Court issues its ruling, the Court finds that a temporary restraining order is necessary.  The Court ORDERS the Government to show cause why a preliminary injunction should not issue.  The temporary restraining order will preserve the status quo pending the Court's Order to Show Cause.

It is hereby ORDERED that Petitioners' application for a temporary restraining order is GRANTED, according to the terms set forth below:

### TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED that the Government is temporarily restrained and enjoined from re-detaining any class member unless the Government first provides written notice to a class member at least 14 days before detention ("Notice").  Notice must be simultaneously provided to the class member and class counsel, and must include copies of (1) the class member's charging documents in immigration court, (2) the removal order, and (3) the criminal conviction records upon which the removal order rests.  This Order extends to the Government Respondents here and any other federal officials and personnel involved in the removal process.

//

-4-

IT IS FURTHER ORDERED that this temporary restraining order shall remain in effect until the date for the hearing on the Order to Show Cause set forth below, or until such further date as set by the Court or stipulated to by the parties.

## ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND ORDER OF NOTICE

IT IS HEREBY ORDERED that the Government shall show cause why a preliminary injunction should not issue pursuant to Federal Rule of Civil Procedure 65(a), restraining the Government from engaging in the activities that are the subject of the above restraining order.  A hearing on the Order to Show Cause shall proceed in the United States Courthouse located at 350 West 1st Street, Los Angeles, California, Courtroom 7C, on **Monday, January 28, 2019 at 1:30 p.m**.  The Government shall file and serve an opposition to the Court's Order on or before **January 10, 2019**.  Petitioners shall file and serve any papers in reply on or before **January 17, 2019**.  The above dates may be revised upon stipulation by all parties and approval of this Court.

DATED:     January 3, 2019

___

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

-5-