JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
KATHLEEN A. CONNOLLY
Deputy Chief
JOSEPH F. CARILLI, JR.
Trial Attorney
JULIAN KURZ
Trial Attorney
TROY D. LIGGETT (FL 0086788)
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC. 20044
troy.liggett@usdoj.gov
(202) 531-4765; (202) 305-7000 (fax)
Attorneys for the Respondents

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAK KIM CHHOEUN, et al.,<br><br>    Petitioners,<br><br>v.<br><br>DAVID MARIN, Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement, et al.,<br><br>    Respondents. | Case No. 8:17-cv-01898-CJC (GJSx)<br><br>**DISCOVERY MATTER**<br><br>RESPONDENTS' REPLY TO PETITIONERS' OPPOSITION TO MOTION FOR LEAVE TO SERVE DISCOVERY ON ELEVEN ABSENT CLASS MEMBERS<br><br>Hearing: June 5, 2019, 2:30 p.m.<br><br>Location: Courtroom 640, 6th Floor Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, California |

1

# INTRODUCTION

The Court should allow limited discovery on the eleven absent class members who have submitted declarations and/or are the specific subjects of Petitioners' discovery requests. Petitioners are correct that, until this motion, Respondents have argued that this case should be limited to the individualized circumstances of the two class representatives and, thus, discovery should be limited to the named Petitioners. But due to Petitioners' own conduct, the genie is out of the bottle. Petitioners have ignored the Court's proclamation that it need not consider individualized information to consider the common question. Petitioners admit that they are actively gathering individualized information on absent class members and continue to submit declarations detailing the individualized circumstances of numerous absent class members. Petitioners' own actions have necessitated these discovery requests, which seek relevant information that is reasonably necessary for Respondents' defense of the common question. Therefore, the Court should grant leave to propound limited discovery requests seeking relevant information from eleven absent class members.

**A.  The Requests Seek Relevant and Reasonably Necessary Information**

Petitioners do not deny that Respondents seek information relevant to the common issue in the case, but allege that the requests seek information on issues that have already been decided. This is simply not true. The information sought by Respondents is directly relevant to the live issues in this case, and nothing in Petitioners' opposition refutes that the requests are necessary to Respondents' defense. Petitioners' allegations are not persuasive for at least three reasons.

*First*, Petitioners make a false assertion that "[*i*]*n granting certification*, Judge Carney necessarily rejected the primary substantive argument Respondents advance here, namely that class members' *due process claims* turn on whether they sought relief from removal or requested travel documents from Cambodia before

being detained." ECF No. 218 at 18 (emphasis added).[1]  Judge Carney did not consider this argument in granting class certification. *See generally* ECF No. 149. Indeed, Judge Carney has not decided any issue for which Respondents seek discovery.

Respondents have made this argument once, but only—and explicitly—in response to an order to show cause on a preliminary injunction seeking to impose short stays of removal for a subset of class members. ECF No. 60 at 15, n.13, 20–21. The order to show cause did not involve the common question for which the class was certified, but the starkly different question of whether Petitioners' removals were illegal because they did not have enough time to file motions to reopen before removal. ECF No. 32 at 2, 4. This due process claim was derived from Count 5 of the Amended Complaint, and the Court's order granting the preliminary injunction clearly indicated that the Court's conclusions only applied to the due process claim regarding removal. *See* ECF No. 74 at 18 (citing First Am. Compl. ("FAC") ¶¶ 76–79 (Count 5)). The Court did not find Respondents' argument in the removal context persuasive, *see id.*, but the Court did not consider the argument in the context of the common question for which it certified a class, *see* ECF No. 149.

Again, the common issue for which the Court certified a class is whether due process requires "notice and an opportunity to be heard" before a class member is re-detained. ECF No. 149 at 12. , Respondents have never raised the argument on pre-notice motions to reopen or efforts to seek travel documents in the context of the common question, and the Court did not consider the issue when it certified the class. *See generally id.*[2]  Thus, Respondents intend to argue that failure to file

---

[1] Respondents cite to ECF page numbers because of the multiple documents sometimes filed under the same ECF number.

[2] Notably, the order certifying the class speaks nothing about travel documents. Indeed, the order only mentions motions to reopen in two contexts: (1) when explaining the Court's preliminary injunction imposing stays of removal under

motions to reopen proceedings and seek travel documents before re-detention weighs against class members' interests and the risk of deprivation in a *Mathews* analysis of the current revocation procedures. *See Mathews v. Eldridge*, 424 U.S. 319, 341 (1976) (discussing importance of degree of potential deprivation).

*Second*, Petitioners allege that Respondents' requests are no longer relevant because the Court "repeatedly has ruled that (1) re-detaining and removing individuals with long-standing ties to the U.S. without notice or adequate process causes irreparable harm and (2) such individuals have protectable liberty interests," again citing only to orders granting stays of removal. ECF No. 218 at 6 (internal citations omitted). But neither of these apply to the common question. Respondents do not dispute that class members have protectable liberty interests no matter whether or when they receive notice and an opportunity to be heard, but they will contend that the interests are diminished by class members' own actions, including the fact that most did not attempt to reopen their removal proceedings or secure travel documents before the revocation of their release.

Respondents will argue that the current notice and procedures 8 C.F.R. § 241.4(l)(1) and 8 C.F.R. § 241.(i)(3) (versus *no* notice or procedures) satisfy due process. Under the *Mathews* analysis, the Court will weigh both the class members' interests in receiving notice before re-detention and the government's interest in avoiding abscontions by providing notice of the reasons for release and an opportunity to be heard after re-detention.[3] Respondents will argue any benefit

---

Count 5; and (2) when explaining simply that class members filed motions to reopen. ECF No. 149 at 7, 13.

[3] Indeed, of the 50 class members who received notice before re-detention as required under the recent Temporary Restraining Order, ECF No. 190, preliminary information indicates that only 22 reported for their re-detention and removal. Although Respondents are still gathering information, they expect that the evidence will show that a majority of the 50 absconded as a result of the prior notice that is the subject of the common question.

derived by prior notice, including the risk of erroneous deprivation of liberty, is far outweighed by the rate of absconsions.

Respondents seek leave to ask the eleven absent class members to describe the personal impact of re-detention to gauge not whether they may suffer some harm, but to what extent. Respondents also seek leave to ask whether they have made any attempt to seek travel documents or to reopen their removal proceedings. If they have sought travel documents but have been affirmatively denied—or conversely been granted a visa or been able to return home to their native Cambodia—the risk of deprivation differs greatly from the experiences recounted by the named petitioners. Each of these requests will help Respondents properly investigate and prepare for trial. *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971) (concluding discovery is necessary if it is "helpful to the proper presentation and correct adjudication of the principal suit").

*Third*, while the Court indicated it was not *required* to make individual inquires, ECF No. 149 at 12, Petitioners have repeatedly put such individualized information before the Court. Further, the Court did not, as Petitioners allege, limit its statement about individualized inquiry to the nature of the injury suffered to resolve the class claims. *See generally id*. But as the record shows, Petitioners have adopted an unfettered strategy of submitting individualized information on absent class members without any limits. Without an opportunity to respond to the declarations, Respondents will be prejudiced and unable to present their arguments.

Respondents acknowledge that they took the position that discovery into individualized information beyond the absent class members was unnecessary exactly because Judge Carney indicated that he was not required to make individualized inquiries. Yet Petitioners' own actions have opened the door to this request because they continued to submit detailed fact declarations from absent class members. ECF No. 215 at 7. And now their arguments ignore the relevance of their own decisions. For example, Petitioners allege that the three cases

primarily cited by Respondents in their motion—*Aldapa, Antoninetti*, and *Arredondo*—do not invite discovery of absent class members here because none involved constitutional due process claims or a case where defendants "already possess[] detailed information about every class member." ECF No. 218 at 15. These two issues are red herrings. In *Aldapa* and *Antoninetti*, the courts allowed discovery because named plaintiffs submitted fact declarations. ECF No. 215 at 11. If this were a typical due process case (or any class action certified under Rule 23(b)(2)), Petitioners would not have needed to submit dozens of declarations from absent class members and would have relied on the class representatives as typical class members sharing common injuries with the rest of the class. *Arredondo* demonstrates that a district court has broad discretion to determine whether discovery on absent class members is necessary, no matter the type of case or breadth of knowledge of the parties. ECF No. 215 at 6.

Respondents have produced or are in the process of producing virtually all relevant individualized information in their possession regarding the 28 sample class members, including several thousand documents from their A-files, printouts of information from all relevant databases, and e-mail communications. *See* ECF No. 215-2 ¶ 7. Based on Petitioners' proven record, Respondents fully expect the individualized information to appear in additional declarations submitted by Petitioners, despite Judge Carney's directive. Indeed, since the Court certified the class and indicated no individualized determinations were required, Petitioners have submitted numerous new declarations and cited earlier ones.[4] In their

---

[4] In their recent Application for a Temporary Restraining order, which was directly related to the common issue, they submitted declarations from four additional absent class members. *See* Kim Decl., ECF No. 185-10; Un Decl., ECF No. 185-11; Sem Decl., ECF No. 185-12; and Neat Decl., ECF No. 185-13. They also cited to fifteen earlier declarations from or about absent class members. *See* ECF No. 185 at 11 (Pheach Decl., ECF No. 92-27; Ruch Decl., ECF No. 28-16; Cooper Decl., ECF No. 28-3; Castellanos Decl., ECF No. 28-1); 14 (Lo Decl., ECF No. 127-1), 24 (Lay Decl., ECF No. 62-11; Tem Decl., ECF No. 92-29; Thong Decl.,

opposition, Petitioners do not allege or even imply that they intend to curtail their on-going practices.

Petitioners do not explain why fact declarations from the class representatives have not been sufficient to support their motions and briefs. They also provide no explanation of why they should be allowed to continue injecting absent class members into this litigation without allowing Respondents some opportunity to gather information in response. Petitioners attempt to justify their use of absent class members' declarations because they were "without the benefit of having received any discovery from Respondents" at the time. ECF No. 218 at 3. But the declarations generally had little to do with any information in Respondents' possession. To deny Respondents the opportunity to use the discovery process to adequately defend their claims and defenses, while Petitioners simultaneously have submitted numerous declarations and sought production of thousands of documents with individualized information of class members, would constitute an unjustifiable use of the Court's discretion in managing discovery.

Petitioners argue that Respondents do not explain why the information cannot be obtained from other sources. ECF No. 218 at 13. But the requests themselves demonstrate why this information can only be obtained from the absent class members. Each question asks for relevant information that, generally, would only be known by the individual class members. For example, Respondents would have documents filed with or requested from the United States, they know nothing about the efforts of the vast majority of absent class members who have not filed motions to reopen or requested travel documents elsewhere. The *Mathews* analysis should take this (currently unknown) information into account.

---

ECF No. 92-30; Ye Decl., ECF No. 92-31); 26 (Prasad Decl., No. 28-12); 27 (Chinn, ECF No. 139-2); 29 (Kum Decl., ECF No. 62-10; Kong Decl., ECF No. 28-2); 30 (Rong Decl., ECF No. 92-28; Wages Decl., ECF No. 28-17). Several declarations were cited numerous times, but Respondents only list the first time each was cited.

Petitioners allege they need individualized information "to determine who is in the class and ascertain that, in fact, Respondents have a uniform practice of detaining class members without adequate notice or procedural protections." ECF No. 218 at 14. However, Respondents have repeatedly admitted—and the Court has concluded—that all class members have been subject to the same post-detention notice and procedural protections. *See* ECF No. 149 at 12, 13, 16 (describing the government's "uniform" policy). Again, in a class action certified under Rule 23(b)(2), the class representatives' experience with the government procedures at issue—especially when Respondents admit that all class members were treated the same—should be the basis of Petitioners' arguments.

Finally, Petitioners incorrectly assert that they did not designate the unnamed class members as trial witnesses. ECF No. 218 at 15. Respondents listed four absent class members who submitted declarations as potential witnesses. *See* ECF No. 215-3 at 6–7 (listing Lay, Ye, Thong, and Khliu). Respondents supplemented their response to include the additional seven absent class members from whom they seek discovery. *See* ECF No. 215-3 at 16–18 (listing Un, Bou, Kethikoun, That, Rath, Sarisuk, and Yuth). Petitioners listed seven individuals and "[a]ny other persons disclosed by Respondents" as potential witnesses. ECF No. 215-3 at 24–25, 29. Thus, by reference, Petitioners did, in fact, list these individuals as witnesses, which renders them eligible for discovery. *See, e.g.*, *Brown v. Wal-Mart Store, Inc.*, No. 09-cv-03339-EJC, 2018 WL 339080, at *2 (N.D. Cal. 2018) (allowing deposition of absent class members because they were listed as witnesses). For all the foregoing reasons, the Court should grant the motion because the information is relevant and necessary.

**B.     The Requests Would Impose a Minimal Burden**

The burden of the limited discovery requests on the eleven absent class members is minimal in light of the overwhelming amount of individualized information that Petitioners have injected into this litigation. Nothing indicates this

is "an attempt to take undue advantage of or harass absent class members. *Moreno v. Autozone, Inc.*, 05-cv-4432-MJJ, 2007 WL 2288165, at *1 (N.D. Cal. 2007) (allowing depositions of absent class members who submitted fact declarations within certain limitations). The requests are straightforward and not complicated.

Petitioners make broad, unfounded allegations that the requests could "frighten" or harass absent class members because they might fear "negative repercussions" if Respondents do not like their responses. ECF No. 218 at 16. Petitioners make the allegations without any evidence and only cite to cases discussing the "chilling effect" of requests that may encourage class members to withdraw from the litigation, which generally does not apply to a class certified under Rule 23(b)(2). Indeed, if absent class members here were frightened about presenting information that may have negative side effects, their fear is not evidenced by the numerous detailed declarations already on the record.

Discovery on absent class members generally is not allowed, at least in part, because the efficiencies of a class action would be thwarted if the court allows routine discovery of absent class members. *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993). Here, however, Petitioners have disregarded any efficiencies by actively pursuing and presenting information from numerous absent class members and propounding robust discovery requests seeking virtually all relevant information from Respondents on the sample. *See* ECF No. 218-1 ¶¶ 7–8 (recognizing class counsel has had contact with six of eleven absent class members). Therefore, the Court should grant this motion.

## CONCLUSION

None of Petitioners' arguments refute that Respondents have met their burden in showing that the discovery requests seek necessary and relevant information and are not unduly burdensome. Petitioners did not argue that the requests are propounded for an improper purpose. Accordingly, the Court should grant leave to conduct the limited discovery on the eleven unnamed class members.

| | |
|---|---|
| Dated: May 28, 2019 | Respectfully submitted,<br>JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division<br><br>WILLIAM C. PEACHEY<br>Director, District Court Section<br>Office of Immigration Litigation<br><br>KATHLEEN A. CONNOLLY<br>Deputy Chief<br><br>JOSEPH F. CARILLI, JR.<br>Trial Attorney<br><br>JULIAN KRUZ<br>Trial Attorney<br><br>*/s/ Troy D. Liggett*<br>TROY D. LIGGETT<br>Trial Attorney<br>Florida Bar No. 0086788<br>District Court Section<br>Office of Immigration Litigation<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 532-4765; (202) 305-7000 (fax)<br>troy.liggett@usdoj.gov<br><br>*Counsel for Respondents* |