UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NAK KIM CHHOEUN AND MONY NETH, individually and on behalf of a class of similarly situated individuals,<br><br>Petitioners,<br><br>v.<br><br>DAVID MARIN, DAVID JENNINGS, THOMAS HOMAN, ELAINE DUKE, JEFFERSON SESSIONS III, SANDRA HUTCHENS, AND SCOTT JONES,<br><br>Respondents. | Case No.: SACV 17-01898-CJC(GJSx)<br><br>ORDER DENYING GOVERNMENT'S *EX PARTE* APPLICATION [Dkt. 275] AND STRIKING PORTIONS OF PROPOSED BRIEF |

This action challenges the government's policy of arbitrarily rounding up and placing in immigration detention individuals who have been living peaceably in our communities for years. Petitioners Nak Kim Chhoeun and Mony Neth bring this putative

class action on behalf of themselves and approximately 1,900 other individuals, challenging the policy as contrary to constitutional, statutory, and regulatory law.

On January 3, 2019, the Court issued a temporary restraining order enjoining the government from re-detaining any class member unless the government first provided written notice at least 14 days before detention. (Dkt. 190.) The Court issued an order to show cause why a preliminary injunction should not issue (*id.*), but the parties instead stipulated that they would file cross-motions for summary judgment on the issue raised in the order to show cause—whether the government should be required to provide written notice to a class member at least 14 days before detention. (Dkts. 206–207.) The parties further stipulated that the temporary restraining order regarding notice would remain in effect up to and including the hearing on those cross-motions. (*Id.*)

The parties stipulated to a briefing schedule and a format for the motions, which the Court adopted. (*Id.*) The parties then stipulated to extend that briefing schedule multiple times, including once after the Petitioners filed their motion for summary judgment. (Dkts. 234, 266.)

Now before the Court is the government's *ex parte* application to exceed the page limit for its cross-motion and response to Petitioners' motion for summary judgment. (Dkt. 275.) Filed the day the cross-motion and response was due (the Tuesday before Thanksgiving), the application seeks leave to file a 50-page brief—double the normal allotment. (*See generally id.*); Local Rule 11-6. Petitioners filed an opposition to this *ex parte* on Wednesday, November 27, the day before Thanksgiving. (Dkt. 280.) The government filed a reply on Friday, November 29, the day after Thanksgiving.

The application is **DENIED.** To justify *ex parte* relief, a party must make two showings: (1) "the evidence must show that the moving party's cause will be *irreparably*

*prejudiced* if the underlying motion is heard according to regular noticed motion procedures," and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (emphasis added). The government has not made either showing here.

First and foremost, the government fails to show irreparable prejudice. *See Mission Power*, 883 F. Supp. at 492 (explaining that a party cannot make the required showing of irreparable prejudice to justify *ex parte* relief if the proposed motion is meritless). The sole issue to be determined on these cross-motions for summary judgment is the straightforward, limited question of whether the government must give Petitioners notice before they are re-detained. Nevertheless, the primary reason the government seeks so many extra pages is to include a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court does not have jurisdiction to hear a challenge to ICE's decision to execute removal orders. (Dkt. 275-1 ¶¶ 3, 6; *see* Dkt. 275-2 [proposed 50-page brief] at 18 26.) However, the Court is well aware of the limits of its jurisdiction, and Petitioners do not challenge the government's discretionary authority to revoke supervised release or to execute final orders of removal. (*See, e.g.*, Dkt. 119 at 4 ["I'm not reviewing the merits or validity of a removal order, I'm just trying to determine whether Mr. Chhoeun was lawfully detained and given an opportunity to challenge the removal order in the appropriate court."]; Dkt. 280 at 8.)

Second, the government fails to show that it is without fault in creating the "crisis" here. *Mission Power*, 883 F. Supp. at 492. Any emergency here is of the government's own making. There is no reason the government had to wait until the eve of the due date for its brief—and days before Thanksgiving— to request extra pages, forcing Petitioners' counsel to endure "a fire drill for pro bono counsel on the eve of a major holiday and

while members of the team are already travelling," (Dkt. 280 at 8–9), and the Court to review *ex parte* briefing over the holiday.  A party seeking *ex parte* relief must show why it is entitled to "go to the head of the line in front of all other litigants and receive special treatment"; to justify *ex parte* relief, "[t]here had better be a fire." *Mission Power*, 883 F. Supp. at 492.  There was no fire here.

Third, there is simply no reason that either party needs 50 pages of briefing to address the limited question of notice.

Having found a lack of good cause for *ex parte* relief, the Court hereby **STRIKES** pages 1-25 of the proposed brief (Dkt. 275-2).  *See, e.g.*, *Haddock v. Countrywide Bank, NA*, 2015 WL 9257316, at *6-7 (C.D. Cal. Oct. 27, 2015) (considering only the first 25 pages of party's overlong brief).  The Court will consider only the arguments the government makes relevant to the issue before the Court, which are contained in pages 26-50 of the proposed brief.  The briefing deadlines and hearing date on this motion shall remain unchanged.

DATED:     December 2, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE